UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL A. ULLOA-GONZALEZ, | ) 1:11-cv—00003-SMS-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING THE PETITION AS |
| | ) UNRIPE AND DIRECTING THE CLERK TO |
| | ) CLOSE THE ACTION (Doc. 1) |
| v. | ) |
| | ) |
| ERIC HOLDER, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |

Petitioner is a federal detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on January 3, 2011 (doc. 3). Pending before the Court is the petition, which was filed on January 3, 2011.

I. Screening the Petition

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule

1

1(b).  Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Here, Petitioner, an alien from Nicaragua, alleges that he is being detained by the Immigration and Naturalization Service (INS) at the Kern County Jail pursuant to an order of a United States Immigration Judge dated August 18, 2010, directing that Petitioner be removed from the United States due to his having

2

suffered a criminal conviction.  (Pet. 2-3, 7.)  Petitioner argues that his detention for slightly over four months is unreasonable, exceeds Respondents' statutory authority, constitutes punishment, and violates Petitioner's substantive and procedural due process rights under the Fifth Amendment.  (Pet. 3-4.)  Petitioner prays that the Court order the INS to release Petitioner from its custody under reasonable conditions of supervision.  (Pet. 5.)

An alien who has entered the United States may not be detained without due process of law.  Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001).  When an alien has been ordered removed from the United States, the alien may be detained for a period reasonably necessary to secure removal; continued detention is statutorily permitted until removal is no longer reasonably foreseeable.  Zadvydas, 533 U.S. at 699.  Thereafter, continued detention is unreasonable and unauthorized, and the alien may be released upon conditions of supervision that are appropriate in the circumstances.  Id.

Detention for six months after removal is ordered is presumptively reasonable; thereafter, if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. Zadvydas, 533 U.S. 678, 701.

Because the presumptively reasonable, six-month period of detention has not yet expired, Petitioner's claim is not ripe. Therefore, the petition should be dismissed without prejudice to refiling it if Petitioner's detention pending removal exceeds six

months.

    II.  <u>Disposition</u>

    Accordingly, it is ORDERED that:

    1)  The petition is DISMISSED without prejudice to refiling if Petitioner's detention pending removal exceeds six months; and

    2)  The Clerk is DIRECTED to close this action because this order terminates it in its entirety.

IT IS SO ORDERED.

**Dated:   January 5, 2011**               /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE

4