UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL A. ULLOA-GONZALEZ, ) | 1:11-cv—00003-SMS-HC |
| ) | |
| Petitioner, ) | ORDER DEEMING PETITIONER'S |
| ) | "OBJECTION" TO BE A MOTION FOR |
| ) | RECONSIDERATION AND DENYING THE |
| v. ) | MOTION FOR RECONSIDERATION |
| ) | (Doc. 10) |
| ERIC HOLDER, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |
| ) | |

   Petitioner is a federal detainee who proceeded pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment. The Court dismissed the petition as unripe by order and judgment filed and served on Petitioner on January 6, 2010. Pending before the Court is Petitioner's "Objection" to the Magistrate Judge's "Report and Recommendation," filed on January 24, 2011.

   I.   Motion pursuant to Fed. R. Civ. P. 60(b)

   The Court notes that the Magistrate Judge did not file findings and a recommendation because Petitioner had consented to

1

the jurisdiction of the Magistrate Judge.  Instead, the Magistrate Judge filed a dispositive order of dismissal. Therefore, objections were not an appropriate vehicle for Petitioner's arguments.

Because judgment has now been entered, the Court will consider Plaintiff's objection as a motion pursuant to Fed. R. Civ. P. 60(b).

Fed. R. Civ. P. 60 applies to habeas proceedings only to the extent that it is not inconsistent with the applicable federal statutes and rules.  Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (challenge to dismissal of a § 2254 petition for untimeliness). Although successive petitions are limited by statute, it is appropriate to consider a Rule 60(b) motion as such in a § 2254 proceeding where a petitioner uses the vehicle not to allege a claim or to attack the substance of the federal court's resolution of a claim on the merits, but rather to challenge a ruling that precluded a merits determination and thereby to raise some defect in the integrity of the federal habeas proceedings, such as failure to exhaust, procedural default, or statute of limitations.  Id. at 532, 538.

Here, Petitioner challenges the Court's determination in a proceeding pursuant to § 2241 that his petition was not ripe for review.  The Court will assume that Rule 60(b) is appropriately applied in Petitioner's case.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The Rule permits a district court to relieve a party from a final order or judgment on various grounds, including 1) mistake, inadvertence,

surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud or misconduct by an opposing party; or 4) any other reason that justifies relief from the judgment. Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, and with respect to the first three grounds, no more than a year after the entry of the judgment, order, or proceeding. Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

Further, when filing a motion for reconsideration, Local Rule 78-230(j) requires a party to show the "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," as well as "why the facts or circumstances were not shown at the time of the prior motion."

Here, Petitioner, an alien, had alleged in the petition that

3

1 he was indefinitely detained by the Immigration and
2 Naturalization Service (INS) pursuant to an order of a United
3 States Immigration Judge dated August 18, 2010, directing
4 Petitioner's removal.  Petitioner argued that his detention was
5 unduly prolonged and thus unreasonable.  (Pet. 2-3, 7.)
6     However, detention for six months after removal is ordered
7 is presumptively reasonable; thereafter, if the alien provides
8 good reason to believe that there is no significant likelihood of
9 removal in the reasonably foreseeable future, the government must
10 respond with evidence sufficient to rebut that showing.  Zadvydas
11 v. Davis, 533 U.S. 678, 701 (2001).  Because the presumptively
12 reasonable, six-month period of detention had not yet expired
13 when Petitioner filed the petition, Petitioner's claim was not
14 ripe, and the petition was dismissed.
15     Petitioner argues in the motion for reconsideration that
16 five months should be sufficient to provide reason to believe
17 that there is no significant likelihood of removal in the
18 foreseeable future.  However, the pertinent legal authority
19 provides for a presumptively reasonable period of six months, and
20 Petitioner has not alleged any basis for a contrary conclusion.
21     The Court concludes that Plaintiff has not demonstrated good
22 cause, excusable neglect, or any other reason justifying relief
23 under Rule 60(b).
24     Accordingly, the Plaintiff's motion for reconsideration is
25 DENIED.
26 IT IS SO ORDERED.
27 **Dated:   February 8, 2011**         /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE
28